IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

Case No.: _____

MARCO OSSA,

    Plaintiff,

v.

PACIFICA LOAN POOL, LLC,

    Defendant.
_____ /

Removed from Circuit Court
of Seminole County, Florida
Case No: 2018-CA-001991-11K-L

**DEFENDANT'S NOTICE OF REMOVAL UNDER**
**DIVERSITY OF CITIZENSHIP JURISDICTION 28 USCS § 1441**

Defendant Pacifica Loan Pool, LLC ("Pacifica") by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. § 1441 *et seq.*, of the removal of this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, bearing Case Number 2018-CA-001991-11K-L, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

    1.    On or about July 26, 2018, Plaintiffs filed a Complaint against Defendant Pacifica Loan Pool, LLC, in the Circuit Court of Seminole County, Florida.

    2.    Plaintiff alleges Pacifica is a Delaware limited liability partnership with its primary place of business in San Diego California. *See Plaintiff's July 26, 2018 Complaint, attached hereto as "Exhibit A."* at ¶ 2.

    3.    Plaintiff's Complaint alleges a single count claim for failure to correct and defect and failure to warn, and sundry theories of premises liability, against Pacifica for a

trip-and-fall incident and injury occurring on April 7, 2018, at 648 East Club Circle Longwood, FL 32779. *See Exhibit A* at ¶ 3.

4. Plaintiff's Complaint did not allege the citizenship of Plaintiff Marco Ossa.

5. Plaintiff alleges damages in the Complaint of greater than $15,000 ($15,000.00), sufficient to allege jurisdiction in circuit court. *See Exhibit A* at ¶ 1.

6. On or about, December 3, 2018, Plaintiff's counsel made an oral demand of $285,000.00 to the undersigned. Plaintiff's counsel never reduced such a demand to writing.

7. On January 11, 2018, Defendant served a set of requests for admissions to Plaintiff requesting admissions that Plaintiff admit that he was a resident of Florida, that his usual place of abode was in Florida and that the amount-in-controversy in this matter, exclusive of fees and costs, exceeded $75,000.00. *See Defendant's First Set of Request for Admissions to Plaintiff dated January 11, 2019, attached hereto as "Exhibit B,"*

8. On January 18, 2018, Defendant served a second set of requests for admissions, with a single interrogatory, requesting that Plaintiff admit that Plaintiff was a citizen of the State of Florida and that his domicile was in Florida. *See Defendants' Second Request for Admissions and Interrogatory to Plaintiff Marco Ossa, attached hereto as "Exhibit C."*

9. On February 11, 2019, Plaintiff filed responses to the two sets of requests for admissions, admitting that he was a resident and citizen of the State of Florida and that the amount-in-controversy, exclusive of fees and costs, exceeds $75,000. *See Plaintiff's Responses to the First Request for Admissions (attached hereto as "Exhibit D"), and*

*Plaintiff's Response to Second Request for Admissions (attached hereto as "Exhibit E"), both having been served on February 11, 2019.*

10. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

11. 28 U.S.C § 1332(c)(1) provides in pertinent part that a corporation shall be deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

12. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. Plaintiff is a citizen of the State of Florida. *See Exhibit E, Response to Request #1.*

14. Defendant Pacifica is not a citizen of the State of Florida. It is a Delaware limited liability company with its principal place of business in San Diego, California. *See "Exhibit A."* at ¶ 2.

15. Plaintiffs' claim for damages concerns an amount-in-controversy greater than $75,000.00. *See Exhibit D, Response to Request #3.*

16. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this cause may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

17. In this case, the Complaint alleges only damages greater than $15,000 ($15,000.00), insufficient to remove this action under *28 U.S.C. § 1446(b)(1)*. *See Exhibit A* at ¶ 1.

18. Plaintiff's answers to requests for admissions on the amount-in-controversy on February 11, 2019, constitutes an "other paper" supporting jurisdiction under 28 U.S.C. § 1446(b)(3). As stated by the Court in the Northern District of Alabama,

> The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as "first paragraph removals") involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. See *28 U.S.C. § 1446(b)(1)* (2012). The second way (formerly referred to as "second paragraph removals") contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012) (emphasis added). The recently revised version of the removal procedure statute expressly clarifies that discovery responses, such as those presented by Wal-Mart in the instant case, can constitute "other paper" from which diversity jurisdiction can be established. Id. § 1446(c)(3)(A) (2012) ("**If the case stated by the initial pleading is not removable solely because [**12] the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)**." (emphasis added)).

*Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1223-24 (N.D. Ala. 2012)

19. An oral demand, such as the one made by Plaintiff's counsel on December 3, 2018, is not an "other paper" as it was not in writing. See *Williams v. Litton Loan Servicing, LP*, No. 2:10-CV-951-WKW [WO], 2011 U.S. Dist. LEXIS 15113 (M.D. Ala. Feb. 15, 2011))(an oral demand by plaintiff's counsel and emails by the defense counsel seeking to confirm the contents of an oral demand, but not confirmed by reply email from Plaintiff's counsel, do not constitute an "other paper" under the 28 U.S.C. 1446(b)(3).)

20. "There is ample persuasive authority that Plaintiff's oral settlement communications do not qualify as 'other paper' under § 1446(b)(3)." *Wood v. ADT LLC*, No. 3:15-CV-644-WKW, 2016 U.S. Dist. LEXIS 187063, at *10-11 (M.D. Ala. Sep. 30, 2016). *See also Williams v. Litton Loan Servicing, LP*, No. 2:10-CV-951-WKW, 2011 U.S. Dist. LEXIS 15113, 2011 WL 521624 (M.D. Ala. Feb. 15, 2011), ("other paper" means a written document, with limited exceptions permitted for deposition testimony and statements made in open court), *but see Lazo v. US Airways, Inc., No. 08-80391-CIV-RYSKAMP/VITUNAC*, 2008 U.S. Dist. LEXIS 66814 (S.D. Fla. Aug. 21, 2008)(where defendant's counsel filed an affidavit as to an oral conversation with Plaintiff's counsel and plaintiff did not reply to the removal).

21. Furthermore, due to the fact that settlement demands may constitute puffery and posturing, it was appropriate for undersigned counsel to serve requests for admissions to ascertain Plaintiff's true position on the amount-in-controversy and to determine Plaintiff's state of citizenship (as to which the Complaint was silent) as was done in this matter.

22. A complete copy of all process, pleadings, and orders in the Circuit Court of Seminole County, Florida in Case No. 2018-CA-001991-11K-L, as required by 28 U.S.C. § 1446(a) is attached hereto as "*Exhibit F*," Index of Record.

23. In compliance with 28, U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Seminole County, Florida, a copy of which is attached to this Notice of Removal as "*Exhibit G*."

24. Undersigned counsel is aware that as a limited liability company, under *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004), Defendant needs to prove the citizenship of all its members, whether those members are human beings or corporate entities.

25. This notice is filed today because of the 30-day limitation on removal, established by the service of an "other paper" in this matter establishing citizenship of Plaintiff and the amount in controversy, via Plaintiff's service of responses to request for admissions dated February 11, 2019 (*Exhibit D & E*).

26. Defendant intends to supplement this filing, within 10 days, with affidavits of the in-house counsel for Defendant Pacifica amd one or more other affidavits establishing the citizenship of all members of Defendant Pacifica.

WHEREFORE Defendant Pacifica Loan Pool, LLC respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Middle District of Florida (Orlando Division).

Date: March 13, 2019

Respectfully submitted,

/s/ David C. Bibb
David C. Bibb (Fla. Bar No. 190330)
Rolfes Henry Co., L.P.A.
3001 Aloma Avenue, Suite 209
Winter Park, FL 32792-3752
Telephone: (407) 284-4990
Facsimile: (513) 579-0222
Emails: dbibb@rolfeshenry.com
wgonzalez@rolfeshenry.com

*Attorneys for Defendant*
*Pacifica Loan Pool, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below on this 13th day of March 2019, to:

Thomas L. Dennis, Esq.
Wooten Kimbrough, P.A.
P.O. Box 568188
Orlando, FL 32856-8188
Email: tdennis@whkpa.com
rpayne@whkpa.com

*Attorney for Plaintiff Marco Ossa*

/s/ David C. Bibb
David C. Bibb (FL 190330)